UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONTAE CRAIG MILLER,

Plaintiff,

v.  CAUSE NO. 3:19-CV-1198-JD-MGG

MARY LUFTUS, et al.,

Defendants.

OPINION AND ORDER

Dontae Craig Miller, a prisoner without a lawyer, filed this lawsuit alleging that he has been denied necessary medical care while housed at the Marshall County Jail. He has sued Mary Luftus, Dr. Eric Techeptchat, Jailer Ludig, Jailer Yazael, and Jailer Crawford. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Miller alleges that he arrived at the Marshall County Jail on March 30, 2017. Upon his arrival, jail staff were notified that he is disabled. Mary Luftus indicated in his chart that he suffers from severe mental illnesses, including bi-polar disorder, mania, schizophrenia, and frontal lobe damage. Miller told Luftus that he needed his

medication shortly after he arrived, but it took a month and a serious suicide attempt for him to get medication. He then received medication for three days before it was discontinued. Without medication, Miller became involved in a serious fight and sustained additional injuries. Following the fight, Miller was housed in the medical unit. He was denied a shower for five days by jailers Yazael, Ludig, and Crawford. This resulted in the staples used to secure a wound becoming infected. He also claims that, on several occasions, Dr. Eric Techeptchat has denied him medication, although he does not indicate when Dr. Techeptchat denied him medication.

Here, many of the allegations contained in the complaint concern things that occurred more than two years before Miller filed his complaint, and therefore appear to be untimely. Although the statute of limitations is an affirmative defense, dismissal is appropriate where the complaint makes clear that the claims are time barred. *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009). Miller's complaint was placed in the prison mail system on December 2, 2019. Indiana's two-year limitations period applies to this case. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Therefore, claims accruing before December 2, 2017, are time barred. Miller indicates that he arrived at the Marshall County Jail on March 30, 2017, that he didn't receive medication for a month, that he then received only three days of medication before it was stopped. He was then injured in a fight and sent to the medical department to recover, where he was denied a shower. Although Miller has not provided dates other than when he arrived at Marshall County Jail, his description of events suggests that it is unlikely that any of these events

occurred after December 2, 2017. And, it is entirely unclear when Dr. Techeptchat denied him medication.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim. However, because Miller has omitted many dates and other facts related to the circumstances surrounding the denial of medication, it is possible that he might be able to state a claim if he files an amended complaint. Therefore, he will be granted the opportunity to do so. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to Dontae Craig Miller;

(2) GRANTS Dontae Craig Miller until **February 24, 2020**, to file an amended complaint; and

(3) CAUTIONS Dontae Craig Miller that if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the complaint (ECF 1) does not state a claim.

SO ORDERED on January 22, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT